IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | |
| HASSAN WILCOX : | No. 06-445 |

### MEMORANDUM OPINION

Defendant Hassan Wilcox seeks immediate release from pre-trial detention, which was imposed September 28, 2006 without his objection. His claim is denied for the following reasons:

1.  Defendant contends he is being unlawfully held, in violation of 18 U.S.C. § 3164(c), based on the District Court's dismissal on Speedy Trial Act grounds of an indictment charging him with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Under § 3164(b), (c), trial must commence within 90 days, subject to the exclusions in § 3161(h). Section 3164 provides a longer period -- 90 days as opposed to 70 days -- to try pre-trial detainees and high-risk defendants released on bail. Although the government does not contest defendant has been held longer than 90 days, it maintains § 3164(c)'s discharge sanction is inapplicable. It contends that following the Speedy Trial Act dismissal without prejudice, defendant was charged in a superseding indictment with a new and separate offense of possession with intent to distribute cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a). The filing of a new charge, the government asserts, reset all Speedy Trial Act time periods and permits defendant's continued detention. See § 3161(d)(1).

2.  Relying on United States v. Tirasso, 532 F.2d 1298 (9th Cir. 1976), defendant

maintains the release provision of § 3164(c) is mandatory, regardless whether a defendant is charged with a broader offense in a new or superseding indictment. The critical inquiry, defendant maintains, is whether the initial charge and the new charge "are both based on many of the same operative facts." Tirasso, 532 F.2d at 1300. When the new charge is intertwined with the original charge, the court in Tirasso reasoned, the two offenses are not "completely discrete offenses for which separate ninety-day periods might be applicable." Id.

3. Defendant's claim is not frivolous. Faced with a Speedy Trial Act dismissal of the § 841(a)(1) charge, the government filed a single, superseding charge under § 860(a) based on the identical criminal conduct, but adding an additional element requiring proof that the offense was committed within 1,000 feet of a school. The two crimes, of course, are distinct. See United States v. McQuilkin, 78 F.3d 105, 108-09 (3d Cir. 1996) (§ 860(a) is a separate offense; it is not a sentencing enhancement to § 841(a)(1)). In this case, however, they are also based on the same operative facts, thus implicating the rationale of Tirasso. Moreover, as defendant notes, the § 841(a)(1) charge is a lesser-included offense of § 860(a). See United States v. Jackson, 443 F.3d 293, 301 (3d Cir. 2006). Defendant maintains these facts suggest a new Speedy Trial Act time period was not triggered because the two charges were required to be joined in the initial indictment. See United States v. Lattany, 982 F.2d 866, 873 n.7 (3d Cir. 1992). In Lattany, the Court observed that charges in a superseding indictment, which were required to have been joined in the original indictment, were subject to dismissal when the 70-day Speedy Trial Act deadline was violated. Id.; see also United States v. Alford, 142 F.3d 825, 829-30 (5th Cir. 1998) (distinguishing among counts that were subject to Speedy Trial Act dismissal under Double Jeopardy Clause joinder principles).

2

4.     Neither the parties nor I have identified any legal authority, aside from Tirasso, on the narrow question of § 3164(c)'s applicability to the unique facts of this case. I decline to follow Tirasso, and decline to extend the rationale of Lattany, which dealt only with dismissal of the initial charges, to mandate defendant's release from custody upon re-indictment for a new, albeit related, offense.

5.     First, Lattany did not address § 3164 and did not address the question of mandatory release for violations of the Speedy Trial Act. The passage in Lattany cited by defendant is dicta and its application conflicts with the statutory language and with other decisions. See, e.g., United States v. Gaskins, 364 F.3d 438, 453 (2d Cir. 2004) ("greater and lesser included offenses treated as one for double jeopardy purposes will not qualify as the 'same charge' under § 3162(a)(1) when the greater offense is charged after the lesser one.").[1] Second, Tirasso is not binding precedent, and the United States Court of Appeals for the Third Circuit has never suggested it would adopt such a strict view of § 3164(c)'s release requirement. The court in Tirasso reluctantly issued its decision and expressed serious concerns about the implications of its holding. See Tirasso, 532 F.2d at 1299-1301. Its holding has been narrowly -- and rarely -- applied. I decline to follow it, especially where the defendant stipulated at his initial appearance that the government could establish he was a risk of flight and a danger to the community based on the nature of the offense, the presumption of detention, and the weight of the evidence. Tirasso was decided in 1976, before the 1979 amendment to § 3164, which incorporated the

---

[1] Defendant's attempt to limit Gaskin to sanctions involving a complaint, see § 3162(a)(1), as opposed to an indictment, see § 3162(a)(2), is not persuasive. Although § 3162(a)(1) uses the term "such charge," whereas § 3162(a)(2) uses the term "the information or indictment," the import of both provisions is identical. In both instances, dismissal affects only the offense initially charged.

3

exclusions of § 3161(h). See Tirasso, 532 F.2d at 1300 n.1 (original version of § 3164 included no periods of exclusion from the 90-day trial requirement).

6. Here, the original indictment was dismissed on the defendant's motion, and defendant had asked for multiple continuances under the Speedy Trial Act. The Speedy Trial Act violation resulted in dismissal without prejudice, which enabled the government to resubmit its case to the grand jury. The parties agree the government engaged in no bad faith and was blameless in the Speedy Trial Act violation. Unlike Tirasso, where the delay was caused by the government's expanded investigation after the initial arrest, Tirasso, 532 F.2d at 1299 (delay caused by need to gather new evidence), the delay in this case was technical and inadvertent.

7. Under these unique facts, it would be illogical and unfair to discharge defendant when the underlying circumstances that led to his pre-trial detention have not changed.[2] To the extent § 3164(c) suggests discharge is mandatory in this case, such an interpretation would lead to an absurd result and is inconsistent with the other provisions of the Speedy Trial Act, including § 3162. See Clinton v. City of New York, 524 U.S. 417, 429 (1998) (rejecting statutory construction that "would produce an absurd and unjust result which Congress could not have intended" (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 574 (1982))). In deciding whether a dismissal should be without prejudice, the Speedy Trial Act requires courts to focus on issues such as the seriousness of the offense, the circumstances that led to dismissal, and the impact of re-prosecution on the administration of the Act and on the administration of

---

[2] Defendant was initially in state custody for a parole violation. Even assuming the state matter has been resolved, the other factors identified by Pre-Trial Services and the government support the initial detention decision. Defendant cannot allege any other change in circumstances, since the other factors are tied to his prior history and the nature of the offense.

4

justice. See § 3162(2).

8. Accordingly, violations of the Speedy Trial Act can be remedied by re-filing identical charges in appropriate cases. Construing § 3164 to mandate release of pre-trial detainees who face new charges permitted under the Speedy Trial Act would be inconsistent with Congress' objective of granting courts broad discretion in fashioning remedies for violations of the Speedy Trial Act. Balancing the § 3162 factors, the district court exercised its discretion to dismiss the § 841(a)(1) charge without prejudice, thereby allowing the government to re-file whatever charges the grand jury deemed appropriate. It is inconceivable that Congress would mandate the release of a defendant when it has permitted the court to allow the same defendant to be re-charged. This rationale has even more force when the defendant is charged with a new offense, which is more serious than the offense that was dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | |
| HASSAN WILCOX : | No. 06-445 |

## ORDER

AND NOW, this 26th day of December, 2007, upon consideration of defendant's Motion for Immediate Release from Custody, the Government's response thereto, and following oral argument on December 6, 2007 and supplemental briefing, IT IS HEREBY ORDERED that defendant's motion is DENIED for the reasons stated in the accompanying Memorandum Opinion. Defendant's pre-trial detention as a risk of flight and a danger to the community shall continue as previously ordered.

BY THE COURT:

_____
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE